FILED
2017 Jun-13 PM 12:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **FREDERICK LEE EVANS,** | } |
| **Plaintiff,** | } |
| v. | } Case No.: 7:16-cv-01548-RDP |
| **WALT MADDOX, et al.,** | } |
| **Defendants.** | } |

## **MEMORANDUM OPINION**

This case is before the court on Motions to Dismiss filed by Defendant Deputy Jennings (Doc. # 7) and Defendant Walt Maddox (Doc. # 9). This case arises from a warrantless entry into an apartment, warrantless searches within that apartment, detainment of individuals in the apartment, and a subsequent criminal prosecution of Kimberly Brown.[1] (*See generally* Doc. # 1). When liberally construed, the Complaint attempts to present 42 U.S.C. § 1983 claims based upon (a) the unconstitutional entry into and search of the apartment, (b) the subsequent arrests of Plaintiff and Brown, and (c) the criminal prosecution of Brown. To be sure, Plaintiff's Complaint fails to comply with Federal Rule of Civil Procedure 8 because, among other deficiencies, Plaintiff has not presented each of his § 1983 claims in a separate cause of action and has not identified which Defendant(s) are being sued under each claim. Usually, the court would grant Plaintiff a chance to amend his Complaint before dismissing the case. However,

---

[1] The Complaint's narrative suggests that Brown is a plaintiff in the present action. In fact, it refers to a plural set of Plaintiffs and designates Brown as a plaintiff in the Statement of Claims. (*See* Doc. # 1 at 3-4). While the Complaint's caption includes Brown's name, her name is crossed out. (*Id.* at 1). Brown did not sign the Complaint, and her signature block is crossed out as well. (*Id.* at 5). Plaintiff's opposition brief also does not designate Brown as a plaintiff. (Doc. # 13 at 1). Moreover, Brown has raised claims against the same defendants in a separate federal action. (*See* Case No. 7:16-cv-01549-LSC, Doc. # 1). Because Plaintiff has struck Brown's name from his filings and she has filed a separate action, the court finds that Brown is not a plaintiff in this case.

Defendants have identified impediments to relief that are readily apparent from the Complaint and that would not be resolved in any amended complaint. According, after careful review, and for the reasons explained below, Defendants' Motions to Dismiss (Docs. # 7, 9) are due to be granted.

I.  **Background**

In his Complaint, Plaintiff alleges that three members of the West Alabama Narcotics Task Force entered an apartment without a warrant on July 29, 2014. (Doc. # 1 at 2). Brown leased the apartment, but Plaintiff was a "regular overnight guest" at the apartment. (*Id.*). Defendant Jennings identified himself at the front door and asked to speak with Plaintiff. (*Id.*). Brown asked the officers to wait at the front door while she called Plaintiff to come to the door. (*Id.*). But, Jennings and the other officers entered the residence as Brown walked away from the door without showing Brown a search warrant or arrest warrant. (*Id.*).

According to the Complaint, officers entered a bedroom and a closed bathroom. (*Id.*). Inside the bathroom, one officer observed Brown hiding marijuana and placed her under arrest. (*Id.*). Officers also arrested and handcuffed Plaintiff. (*Id.* at 3). The officers searched Brown's apartment, purse, and closet for more marijuana. (*Id.*). They transported Brown to Tuscaloosa County Jail and charged her with possession of drugs and drug paraphernalia. (*Id.*). A state court dismissed the criminal charges against Brown on September 19, 2014. (*Id.*).

Plaintiff filed his Complaint on September 19, 2016. (*Id.* at 5). The Complaint alleges that Defendants Jennings and West Alabama Drug Task Force conspired to violate his constitutional rights and unlawfully entered and searched the apartment without a warrant or consent. (*Id.* at 3-4). The Complaint also claims that Defendants' unconstitutional conduct resulted in an "unjust criminal prosecution." (*Id.* at 4). Plaintiff seeks to hold Defendants Walter

2

Maddox and the City of Tuscaloosa liable because they failed to ensure that the officers were properly and adequately trained. (*Id.* at 3).

Plaintiff has attached to his Complaint supporting affidavits and an order from the District Court of Tuscaloosa County. (*Id.* at 6-13). Plaintiff's affidavit, dated August 18, 2014, discusses the "warrantless and non-consensual entry and search by members of the West Alabama Narcotics Taskforce."[2] (*Id.* at 10). He avers in the 2014 affidavit that he heard officers knock on the door and that Brown asked him to come to the apartment's front door. (*Id.*). When he walked to the bedroom door, an officer handcuffed him and directed him to sit in the kitchen. (*Id.* at 10-11). Plaintiff observed two officers escort a handcuffed Brown from a bathroom about twenty minutes later. (*Id.* at 11). One officer then searched Brown's purse and asked Plaintiff whether he had transported drugs in his truck. (*Id.*). Ultimately, the officers arrested Brown, but released Plaintiff from custody. (*Id.*). The District Court of Tuscaloosa County dismissed a criminal case against Brown on September 19, 2014. (*Id.* at 13).

## II. Standard of Review

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most

---

[2] Brown asserts in her affidavit, dated August 18, 2014, that she did not consent to the officers entering the apartment. (*Id.* at 8). Nor did she recall the officers showing her a search or arrest warrant authorizing them to enter the apartment. (*Id.*).

3

favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). Moreover, the court must liberally construe Plaintiff's Complaint because he submitted the complaint *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The court may consider documents attached to a complaint when ruling upon a Rule 12(b)(6) motion. *Saunders v. Duke*, 766 F.3d 1262, 1270 (11th Cir. 2014).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

A statute of limitations defense is an affirmative defense, and a plaintiff is not obligated to negate a timeliness defense in his or her complaint. *La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). "A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is facially apparent that the claim is time-barred." *Baker v. Sanford*, 484 F. App'x 291, 292 (11th Cir. 2012).

## III. Analysis

In their Motions to Dismiss, Defendants mainly discuss the insufficiency of Plaintiff's § 1983 unconstitutional search claim, Plaintiff's failure to plead a specific municipal policy, practice, or custom, and their entitlement to qualified immunity. (*See* Docs. # 7 at 4-6; 9 at 2). Although the court finds merit in some of these arguments, as a general matter they present grounds for dismissal that could be remedied in an amended complaint. Defendants also argue that Plaintiff's claims are barred by the statute of limitations. (Docs. # 7 at 2; 9 at 3). The court agrees with Defendants. Moreover, the court concludes that Plaintiff cannot resurrect his untimely claims in an amended complaint. In addition, to the extent Plaintiff seeks to present a § 1983 malicious prosecution claim, his claim is not plausible and cannot succeed because Defendants did not commence a judicial proceeding against him.

### A. Plaintiff's § 1983 Unconstitutional Search and False Arrest Claims Against All Defendants Are Time Barred

The statute of limitations in Alabama for § 1983 claims is two years. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (holding that § 1983 actions are governed by the residual or general personal injury statute of limitations in states with more than one statute of limitations); Ala. Code § 6-2-38(l) ("All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years."). "[W]hen a Section 1983 action accrues is a question of federal law." *Mullinax v. McElhenney*,

817 F.2d 711, 716 (11th Cir. 1987) (citing *Rubin v. O'Koren*, 621 F.2d 114, 116 (5th Cir. 1980)). A federal claim does not accrue until "the plaintiff knows or has reason to know of the injury which is the basis of the action." *Corn v. City of Lauderdale Lakes*, 904 F.2d 585, 588 (11th Cir. 1990). Likewise, a federal action does not accrue until "the plaintiff is aware or should have been aware who has inflicted the injury." *Mullinax*, 817 F.2d at 716 (citing *Lavellee v. Listi*, 611 F.2d 1129, 1131 (5th Cir. 1980)).

In a case where a plaintiff was aware at the time of a search that an officer lacked a warrant to search an area and had not obtained consent to conduct a search, a § 1983 claim premised upon that unconstitutional search usually accrues on the date of the search. *See Hornback v. Lexington-Fayette Urban Cty., Gov't*, 543 F. App'x 499, 502 (6th Cir. 2013) (holding that the plaintiff's unconstitutional search claim accrued on the date of the search where he knew or had reason to know that probation officers conducting the search lacked a warrant or consent to justify the search and that he was not under probation supervision); *Kripp v. Luton*, 466 F.3d 1171, 1175-76 (10th Cir. 2006) (holding that an unconstitutional seizure claim accrued on the date that the plaintiff knew of the seizure). Likewise, a § 1983 claim premised upon an unconstitutional false arrest without accompanying legal process accrues, at the latest, on the date that the plaintiff is released from detention. *Wallace v. Kato*, 549 U.S. 384, 388-89 (2007). *See also Harrington v. City of Nashua*, 610 F.3d 24, 28-29 (1st Cir. 2010) (holding that the plaintiff's false arrest claim accrued on the date she was released from detainment); *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) ("In fact, the [Supreme] Court in *Wallace* specifically held that a claim for wrongful arrest under § 1983 accrues at the time of the arrest or, at the latest, when detention without legal process ends.").

Here, Plaintiff's Complaint and attached affidavits demonstrate that Plaintiff's unconstitutional search and false arrest claims accrued, at the latest, by August 18, 2014. Plaintiff alleges in the Complaint that Defendant Jennings identified himself before entering the apartment and entered the apartment without obtaining a warrant or consent. (Doc. # 1 at 2). A review of Plaintiff's affidavit makes clear that Plaintiff knew by August 18, 2014 (the date he signed his affidavit) that the officers lacked a warrant and did not have consent to justify the entry and search. (*Id.* at 10-11) (Plaintiff's 2014 affidavit describing the search as "warrantless and non-consensual"). Plaintiff also knew by August 2014 that the officers had entered the apartment, searched the apartment, and detained him. (*See id.*). Plaintiff knew or should have known by August 2014 that the officers lacked a warrant to arrest him because they released him from custody on July 29th. (*See id.* at 11). Finally, if he acted with due diligence, Plaintiff should have been aware of the identity of the officers involved in the search by August 18th because he knew by that date that the West Alabama Narcotics Task Force had conducted the search, and Brown knew that Defendant Jennings was one of the officers who had conducted the search. (*Id.* at 6-8, 10). Notably, Plaintiff does not argue in his opposition brief that the limitations period should be tolled because he lacked knowledge about the officers involved in the warrantless entry, search, and detainments. (*See* Doc. # 13 at 2-3). Because Plaintiff's own allegations and sworn statements show that he knew or should have known of the facts surrounding the search and his detainment, as well as the individuals responsible for those acts, by August 18, 2014, his § 1983 claims based on the search and his detainment are time-barred.[3]

---

[3] Plaintiff challenges Defendants' statute-of-limitations defense by referring to an argument presented by Brown in another brief. (Doc. # 13 at 2-3) (citing Doc. # 15 at 3, Case No. 7:16-cv-01549-LSC). Brown has argued that her constitutional claims are timely because her claims did not accrue until the District Court of Tuscaloosa County dismissed a criminal complaint against her. (Doc. # 15 at 3, Case No. 7:16-cv-01549-LSC). Plaintiff cannot rely on this argument for two reasons. First, Plaintiff was not charged in that criminal action, so it had no effect on the accrual of his § 1983 claims. Second, Plaintiff cannot plead a plausible § 1983 malicious prosecution claim for the reasons discussed below.

Finally, it is plain that Plaintiff cannot resolve the facially apparent time bar to his unlawful search and false arrest claims in an amended complaint. Almost all of the facts necessary to support Plaintiff's unconstitutional search and false arrest claims are contained in his own sworn affidavit. Given the detailed allegations in his sworn affidavit, which Plaintiff signed more than two years before filing his Complaint, the court finds that granting Plaintiff leave to amend the unlawful search and false arrest claims would be futile. *Cf. Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (noting that a court may choose to not allow amendment of a complaint when it would be futile). Thus, Plaintiff's § 1983 unlawful search and false arrest claims are due to be dismissed with prejudice.

**B.    Plaintiff Cannot State a Claim for Relief Based on Malicious Prosecution**

Plaintiff summarily alleges in the Complaint that Defendants are liable for an "unjust criminal prosecution." (Doc. # 1 at 4). The court liberally construes this allegation as a § 1983 malicious prosecution claim. The Eleventh Circuit has held that malicious prosecution is a cognizable claim under § 1983. *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003). "To establish a federal malicious prosecution claim under § 1983, the plaintiff must prove a violation of his Fourth Amendment right to be free from unreasonable seizures in addition to the elements of the common law tort of malicious prosecution." *Id.* (emphasis omitted). The court looks to federal and state law to determine the elements of a § 1983 malicious prosecution claim. *Id.* The necessary elements for a § 1983 malicious prosecution claim include: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Id.* at 881-82 (noting that these elements aligned with Alabama's malicious prosecution tort). The Eleventh Circuit and the Alabama Supreme Court both have required a plaintiff to show that

a defendant commenced a judicial proceeding against the plaintiff to sustain a § 1983 malicious prosecution claim. *See Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004) (discussing Florida law); *Delchamps, Inc. v. Morgan*, 601 So. 2d 442, 444-45 (Ala. 1992) (citing *S.S. Kresge Co. v. Ruby*, 348 So. 2d 484 (Ala. 1977)).

Here, Plaintiff has not alleged a plausible malicious prosecution claim because he was not a defendant in the criminal prosecution at issue. The Complaint alleges that Brown was charged with drug possession and paraphernalia possession, not Plaintiff. (Doc. # 1 at 3). Plaintiff avers in his affidavit that he was released by officers and was not transported to jail. (*Id.* at 11). Finally, the District Court of Tuscaloosa County dismissed a criminal action against Brown, not Plaintiff. (*Id.* at 13). Because nothing in the Complaint or attached documents indicates that Plaintiff was a defendant in any criminal prosecution at issue in this case, any malicious prosecution claim raised by Plaintiff in the Complaint (as liberally construed) is due to be dismissed. Moreover, because the attached evidence demonstrates that Plaintiff was not a defendant in a criminal prosecution related to the July 29th incident, the court finds that granting Plaintiff leave to amend the malicious prosecution claim would be futile. *Cf. Bryant*, 252 F.3d at 1163. The malicious prosecution claim is due to be dismissed without prejudice.

## IV.   Conclusion

For the reasons outlined above, Defendants' Motions to Dismiss (Docs. # 7, 9) are due to be granted.[4] An Order consistent with this Memorandum Opinion will be entered.

---

[4] To be clear, the court need not decide -- and does not decide -- whether Plaintiff has pled facts establishing a privacy interest in the searched apartment, whether Plaintiff has pled facts negating any possible grant of consent by Brown, whether Plaintiff has adequately pled a policy, practice, or custom that caused the alleged constitutional violations, or whether Defendants are entitled to qualified immunity.

**DONE** and **ORDERED** this June 13, 2017.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE